IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS,

                                                                          ORDER

                    Petitioner,

                                                            10-cv-715-bbc

    v.

STATE OF WISCONSIN,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a December 6, 2010 order, I granted petitioner Jerry Means's request for leave to proceed in forma pauperis in this habeas corpus action on the condition that he prepay the amount of $4.49 by December 29, 2010. Petitioner has responded, stating that the court granted him leave to proceed in forma pauperis and therefore his filing fee was waived. In the alternative, he argues that the initial partial payment should be waived because he is currently in segregation with no job and cannot pay the $4.49 initial partial payment.

      Petitioner's characterization of the court's December 6, 2010 order is incorrect. As stated above, I *conditionally* granted petitioner's motion for leave to proceed in forma pauperis, with the condition being that he pay the $4.49 initial partial payment.

      Moreover, I will deny petitioner's motion to waive payment of the initial partial

1

payment. Under 28 U.S.C. §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Petitioner's immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In Newlin v. Helman, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, I was able to calculate petitioner's initial partial payment on the basis of information he provided about his inmate account balance statement at the time of filing. This statement showed that for the six-month period immediately preceding the filing of the

2

complaint, petitioner received some deposits to his account. Petitioner's statement also shows that some income that he received was automatically deducted. However, that does not mean that petitioner will be unable to make the payment he has been ordered to pay in this case. Initial partial payments assessed under § 1915(b)(1) are to receive priority over petitioner's other debts. Walker v. O'Brien, 216 F.3d 626, 628 (7th Cir. 2000) (initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, the fact that petitioner has other debts and obligations does not prevent him from utilizing new deposits to make the initial partial payment that he has been assessed in this case.

If, by December 29, 2010, petitioner is unable to pay the initial partial payment, I will consider that he has withdrawn this action and he will not owe a filing fee. In that event, if, at some future time, enough time elapses that a six-month trust fund account statement would show that he owes a smaller payment because his income has decreased, he would be free to file a new lawsuit. Petitioner should show a copy of this order to prison officials to insure that they are aware they should send his initial partial payment to this court.

Finally, petitioner asks for "any and all appeal documents" so that he can file an appeal from the December 6, 2010 order. Without implying anything about the likelihood of success on an appeal from that order would be successful, I am enclosing a sample appeal form as well as a copy of Fed. R. App. P. 3.

ORDER

IT IS ORDERED that petitioner Jerry Means's motion to waive payment of his initial partial payment for this action, dkt. #8, is DENIED.

Entered this 16th day of December, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge