IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS,

                                           ORDER

               Petitioner,

                                 10-cv-715-bbc

      v.

STATE OF WISCONSIN,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a December 6, 2010 order, I granted petitioner Jerry Means's request for leave to proceed in forma pauperis in this habeas corpus action on the condition that he prepay the amount of $4.49 by December 29, 2010. On December 16, 2010, I denied petitioner's request to waive payment of his partial filing fee. This case was closed on January 4, 2011 because petitioner failed to pay the initial partial filing fee. Now petitioner has filed a notice of appeal, dkt. #12, from the administrative closing of his case because he could not pay the $4.49.

Because petitioner has not paid the $455 fee for filing an appeal, I construe his notice as a request for leave to proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or

1

more of the following reasons:  the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g).   Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Petitioner's request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeal is not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit.  Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000).  Petitioner is trying to appeal my decision that his case be closed because he did not pay his initial partial filing fee.  Because there is no legally meritorious basis for petitioner's appeal, I must certify that the appeal is not taken in good faith.

Because I am certifying petitioner's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so.  Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.  With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal.  Also, he must send along a copy of this order. Petitioner should be aware that he must file these documents in addition to the notice of

2

appeal he has filed previously.

If petitioner does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require petitioner to pay the entire $455 filing fee before it considers his appeal. If petitioner does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.


ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that petitioner's appeal is not taken in good faith. The clerk of court is directed to insure that petitioner's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial record.

Entered this 10th day of January, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3